Arthur C. Aulisi, J.
In this action to recover for a fire loss under policies of insurance issued by the defendants, the defendants move for an order striking certain interrogatories of the plaintiffs and for a protective order pursuant to CPLE 3133. Upon oral argument, all questions were resolved except with reference to interrogatories 11, 12 and 13 which relate to information and reports furnished to defendants in connection with two affirmative defenses, viz: (1) willful concealment and misrepresentation and (2) increase of hazard, and to any claim that the plaintiffs arranged for, contributed to, or in any other way effected the fire in question.
The motion is based upon an affidavit of one of the attorneys for the defendants which recites that the fire was alleged to *865 have occurred on November 13, 1972; that notice of loss was made on or about December 7,1972, that an investigation of the fire and the circumstances surrounding the same and the claim of the plaintiffs was made by an adjusting firm, which reported on December 10, 1972, that the fire was of suspicious origin and recommended that the plaintiffs’ claim be resisted in its entirety; that the attorneys for the defendants were retained on December 13, 1972; and that thereafter a further separate investigation into the fire and the claim was made, the first report of which identified the fire and the claim as being of a suspicious nature. The affidavit further recites that since being retained, the said attorneys have been in repeated contact with the individuals conducting .the investigation.
The defendants contend, generally, that any and all investigations conducted by the adjusters in behalf of the defendants and the material and information obtained in connection therewith represent material prepared for litigation and, consequently, are not subject to disclosure, and, particularly, that the questioned interrogatories seek information and material obtained during the course and as a result of the second investigation which constitute privileged matter, the work product of attorneys, and material prepared for litigation, and are not obtainable by reason of the provisions of subdivisions (b), (c) and (d) of ,CPLR 3101.
The plaintiffs, on the other hand, contend that the above-cited provisions are not applicable to this case and further that even material prepared for litigation is obtainable when it can no longer be duplicated because of change of conditions and that withholding it will result in injustice or undue hardship.
CPLR 3101 requires full disclosure of all evidence material and necessary in the prosecution or defense of an action, unless the information sought is immunized. The burden of showing the appropriate immunity is on the party asserting it. (Koump v. Smith, 25 N Y 2d 287, 294.) Bare eonclusory statements, unsupported by facts, cannot be relied upon. (Walsh v. Parkchester Gen. Hosp., 33 A D 2d 540.)
The suggestion that the first report of the adjusting firm made to the defendants ‘ ‘ right from the outset ’ ’ involved material prepared for litigation is untenable and ignores the holding in the case of Welch v. Globe Ind. Co. (25 A D 2d 70). There are no facts stated in the moving affidavit to show that the investigation of the fire by the adjusting firm and its report to the defendants were for litigation purposes. Neither does it appear that such investigation was other than the normal, *866 routine investigation which usually follows a fire loss. The decision to contest the claim of the plaintiffs was made only after the report of the adjusting firm indicated the alleged suspicious nature of the fire and recommended that the claim be resisted. The special facts in Terpstra v. Niagara Fire Ins. Co. (Sup. Ct., Orange County, 1966, affd. without opn. 31 A D 2d 553), cited by defendants, are not present here. In that case, Special Term was able to distinguish the holding in Welch saying that “ The fire at issue in this case was preceded by a history of fire claims during the preceding 18 months, a fact that distinguishes from the ordinary claim ’ ’, and concluding that it could not say that the investigation was a “ routine investigation”.
The adjusting firm in this case was the agent of the defendants with respect to the examination of the subject premises after the fire. Plaintiffs, therefore, had the right under CPLR 3101 to discover all material and necessary matters, except as limited by subdivisions (b), (c) and (d), relating to privileged matters, attorneys’ work product and material prepared for litigation, respectively. These exceptions do not prevent discovery respecting observations made by the adjusting firm representatives when they examined the premises before defendants’ attorneys were retained or any reports thereof.
The fact that the results of the investigation made by defendants ’ attorneys after their retainer duplicated some, if not all, of the information obtained as a result of the initial investigation made by the adjusting firm.cannot defeat plaintiffs’ right to discovery. The independent work of another, already performed, cannot, by retroactive adoption, be converted by the attorneys into their own work product. (Brunswick Corp. v. Aetna Cas. & Sur. Co., 27 A D 2d 182, 183.)
Accordingly, the plaintiffs are entitled to have answers to interrogatories 11,12 and 13, which are limited to the two affirmative defenses in the answer and to the alleged claim that the fire was of a suspicious nature, insofar as the answers to these interrogatories may have been disclosed by the results pf the investigation made by the adjusting firm. The disclosure herein directed should include copies of all written reports, as well as the substance of all oral reports, made by the representatives of the adjusting firm to the defendants prior to the retention of counsel by the defendants to contest the claim of the plaintiffs.