Roger J. Miner, J.
This is a motion to compel the defendant to appear for an examination before trial and to produce thereat all files, including documents, investigations and records pertaining to the fire loss subject of this action, all in accordance with a notice of examination previously served by plaintiff. Defendant moves for a protective order denying the examination and the production of the documents.
It appears that this is an action to recover upon a policy of fire insurance issued by the defendant for a fire loss which occurred on November 20, 1975. The defendant has raised affirmative defenses, including increase of hazard and fraud and false swearing by the plaintiff.
*929 On November 21, 1975, the day following the fire, one Michael Grasso, a claims representative of the defendant, proceeded to the situs of the loss at Troy, New York. He found the premises sealed by order of the State Police and immediately proceeded to the State Police station, where he conferred with the investigator assigned to the case. Grasso immediately learned that the State Police considered the fire to be of incendiary origin and reviewed certain items of evidence with the investigator at the station and at the location of the fire.
Defendant contends that all further investigation was directed toward the preparation of litigation and the defense of plaintiffs claim. Defendant takes the position that it is protected by the provisions of CPLR 3101 (subd [d]) with respect to the matters of disclosure sought by plaintiff. The court must agree. The facts presented clearly establish that the investigation here involved from the very beginning was not "the normal, routine investigation which usually follows a fire loss.” (Khoudary v Home Ins. Co., 77 Misc 2d 864, 865.)
Where the investigation is not normal or routine, and the investigation is clearly established as preparatory to litigation, disclosure has been denied. (Kandel v Tocher, 22 AD2d 513; Teachers Ins. & Annuity Assn. of Amer. v Third 44th Corp., 48 AD2d 815.) It has been held that "there is a distinction between matter prepared as a part of normal business routine and assembled to be transmitted to counsel and that matter which is specifically prepared for litigation, regardless of the preparer.” (Welch v Globe Ind. Co., 25 AD2d 70, 72.)
Brunswick Corp. v Aetna Cas. & Sur. Co. (27 AD2d 182), cited by plaintiff, is not to the contrary, since it does not appear that there was in that case such strong and immediate evidence of incendiary origin as was demonstrated here.
Motion denied. Cross motion granted, except that plaintiff shall be entitled to copies of any statements made by her in the course of the investigation. (CPLR 3101, subd [e].)