Argued and submitted March 19, affirmed May 27, 1980

# FARMERS INSURANCE GROUP OF OREGON,
*Respondent,*

*v.*

# HANSEN, et ux,
*Appellant.*

## (No. 77-2525-E-1, CA 15000)

611 P2d 696

CJS, Appeal and Error § 1154.

Alan M. Lee, Klamath Falls, argued the cause and filed the brief for appellant.

John W. Eads, Jr., Medford, argued the cause for respondent. With him on the brief was Frohnmayer, Deatherage, deSchweinitz & Eads, Medford.

****

Before Joseph, Presiding Judge, Warden, Judge and Schwab, Chief Judge.*

JOSEPH, P.J.

****

*Schwab, C.J., *vice* Warren.

## JOSEPH, P.J.

Plaintiff insurance company brought a declaratory judgment action, claiming that defendant insureds had caused a fire in March, 1977, that damaged their own home. After a jury trial and verdict for plaintiff establishing that defendants intentionally caused the fire, defendants appeal and assign as error the granting of a protective order denying their demand for pretrial discovery.

On January 29, 1979, defendant made demand upon plaintiff for discovery of documents and records and the identity of witnesses.[1] At the same time, defendants by cover letter requested to depose plaintiff's expert witnesses regarding the origin of the fire. Plaintiff then filed a motion and affidavit seeking a protective order under ORS 41.616(4) and ORS 41.618, and defendants' attorney filed an affidavit in support of their demand. On March 19, 1979, the court heard arguments on the motion, but the transcript of that hearing has not been made part of the record before us. On March 23, 1979, the court granted *in part* the motion for a protective order, but made no findings of fact or law. The court allowed defendants to discover the names of plaintiff's witnesses but denied access to documents and records.

---

[1] The demand for pretrial discovery listed the following in addition to a request for copies of all documents containing evidence relating to any matter within the scope of the case:

"1) Statements of any witnesses or parties having information about the above action or suit.

"2) The existence by identity and definition of any documents, writings, statements, tape recordings, photographs, pictures, moving pictures and video tapes or the like taken in the above of any relevant matter or from any party. The identity, description and location of the same and information as to how the Defendant can obtain the same.

"3) The description, nature, custody and condition and location of any books, documents or other tangible things concerning the above action or suit.

"4) The identity and location of any persons having knowledge of any discoverable matter pertaining to the above action or suit."

Defendants claim that the protective order rendered it impossible to ascertain in advance the basis of the opinion of one of plaintiff's experts that the fire was "disguised arson," and therefore defendants' defense was impaired.[2] The granting or denial of a protective order is discretionary with the trial court. In the absence of a transcript of the oral argument or other showing of the basis of the court's ruling, we have no basis to inquire whether the trial court abused its discretion. *Land Bd. v. Corvallis Sand & Gravel,* 18 Or App 524, 558-59, 526 P2d 469 (1974).[3]

Affirmed.

---

[2] Defendants also claim that after the protective order was granted in part, it would have been futile to seek to depose plaintiff's experts. The protective order did not by its terms prevent defendant from seeking to depose any of plaintiff's experts in advance of trial.

[3] This case was affirmed as modified on other grounds in 272 Or 545, 536 P2d 517, 538 P2d 70 (1975); that opinion was vacated in 429 US 363, 97 S Ct 582, 50 L Ed 2d 550 (1977), and on remand appears in 283 Or 147, 582 P2d 1352 (1978). The subsequent history of the case does not detract from the validity of the point for which we have cited it.