# UNITED PACIFIC INSURANCE COMPANY,
*Respondent,*

*v.*

# TRACHSEL,
*Appellant.*

(83-1759C; CA A37573)

731 P2d 1059

J. Michael Alexander, Salem, argued the cause for appellant. With him on the briefs was Burt, Swanson, Lathen, Alexander & McCann, Salem.

Thomas D. Adams, Portland, argued the cause for

respondent. On the brief were I. Franklin Hunsaker, Douglas G. Houser, Dianne K. Ericsson and Bullivant, Houser, Bailey, Hanna, Pendergrass, Hoffman, O'Connell & Goyak, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

United Pacific Insurance Co. brought this action, seeking, *inter alia,* a declaratory judgment that it owes defendant nothing under its fire insurance policy, contending that defendant breached the policy by intentionally starting a fire which damaged his property. The jury agreed and returned a verdict in favor of plaintiff. Defendant appeals, contending that the trial court erred in failing to compel the production of all documents concerning an investigation made by a fire cause expert retained by plaintiff. We affirm.

The fire, which damaged defendant's barn and truck, occurred on June 3, 1983. The county fire marshall investigated the fire on that day and concluded that it had been intentionally set. He informed plaintiff of his opinion. On June 6, plaintiff retained a fire cause expert to investigate the fire. Before the completion of that investigation, plaintiff paid defendant $18,000, representing the claimed loss to defendant's truck. After plaintiff paid the truck claim, defendant made a claim for damage to the building. The fire cause expert concurred with the fire marshall's conclusion that the fire was not accidental. Thereafter, plaintiff denied the claim for the building and brought this action for declaratory relief and reimbursement for the amount paid on the truck claim.

Before trial, defendant filed a motion to produce all documents in plaintiff's possession concerning any examination of the damaged truck. Plaintiff refused, contending that such documents were protected by the attorney-client privilege[1] and the work product rule. The trial court denied defendant's motion.

Oregon's work product rule is stated in ORCP 36B(3):

"Subject to the provisions of Rule 44, a party may obtain

---

[1] The attorney-client privilege is stated in OEC 503(2):

"(2) A client has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of facilitating the rendition of professional legal services to the client:

"(a) Between the client or the client's representative and the client's lawyer or a representative of the lawyer[.]"

Because we conclude that the documents are protected by the work product rule, we need not address whether the attorney-client privilege applies to them as well.

discovery of documents and tangible things otherwise discoverable under subsection B.(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including an attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of such party's case and is unable without undue hardship to obtain the substantial equivalent of the materials by other means."

The rule protects only those things which are prepared in "anticipation of litigation" and not those prepared in the regular course of business. *Brink et ux v. Multnomah County,* 224 Or 507, 517, 356 P2d 536 (1960). Investigation reports prepared by or for an insurer may fall into either category depending on the purpose of the investigation disclosed by the evidence.

■ Before plaintiff's retention of a fire cause expert, the fire marshall had informed plaintiff that the fire had been intentionally set. At that point, the evidence provided a basis for plaintiff to believe that denial of the claim and litigation were likely. In ruling on defendant's request for production, the trial court could believe that the investigation had shifted from one in the ordinary course of business to one in anticipation of litigation.[2] *See Ritrovata v. Hartford Ins. Group,* 88 Misc 2d 918, 390 NYS2d 504 (1976). Consequently, the trial court did not err in concluding that the material was privileged under ORCP 36B(3) and discoverable only upon a showing that defendant has "substantial need of the materials" and "is unable without undue hardship to obtain the substantial equivalent of the materials by other means." *See* ORCP 36B(3).

■ Defendant contends that he has made the statutory showing of substantial need because plaintiff, after paying the claim, sold the truck and thus eliminated all means by which defendant could obtain the substantial equivalent of the requested documents. We disagree. The representations made to the trial court were that defendant had retained counsel

---

[2] Defendant argues that, because plaintiff paid the claim for the loss of the truck after the fire cause expert's investigation began, the investigation could not have been in anticipation of litigation. Although that argument could have been accepted by the trial court, it was not. The trial court apparently accepted plaintiff's explanation that the payment was made in error.

before the truck was sold. Plaintiff sold the truck only after consultation with defendant and after securing defendant's approval. Plaintiff furnished defendant with the fire marshall's investigation reports. Given those representations to the trial court, which defendant does not contest, we conclude that it was not an abuse of discretion to refuse to compel the production of the documents. *See Farmers Ins. v. Hansen,* 46 Or App 377, 380, 611 P2d 696 (1980).

Affirmed.