Argued and submitted August 13, 2008, judgment reversed and remanded as to plaintiff's second claim for relief; supplemental judgment vacated; otherwise affirmed March 4, 2009

## Eugene S. HALL,
*Plaintiff-Appellant,*

*v.*

## DOUGLAS COUNTY,
*Defendant-Respondent.*

Douglas County Circuit Court
04CV1737CC; A131405

203 P3d 360

David C. Force argued the cause and filed the briefs for appellant.

James S. Anderson argued the cause for respondent. On the brief were Matthew F. Denley and Cummins, Goodman, Fish, Denley & Vickers, P.C.

Before Edmonds, Presiding Judge, and Wollheim, Judge, and Sercombe, Judge.

EDMONDS, P. J.

## EDMONDS, P. J.

Plaintiff appeals a summary judgment on his claims for violation of ORS 659A.203 and intentional infliction of emotional distress (IIED), and a supplemental judgment awarding attorney fees to defendant. On appeal, plaintiff argues that the trial court erred in a number of respects. We conclude that his claims of error are not well taken with the exception of his assignment that the trial court erred in granting judgment to defendant on plaintiff's claim under ORS 659A.203. Accordingly, we reverse as to that claim and vacate the award of attorney fees to defendant, but otherwise affirm the judgment of the trial court.

The following facts are not contested in the summary judgment record. Plaintiff was employed by defendant in its juvenile probation department from 1982 until August 20, 2003. In December 2002, following an investigation into complaints about plaintiff by several employees he supervised, the parties entered into a settlement agreement. Pursuant to that agreement, plaintiff accepted a voluntary demotion from his supervisory position to a nonsupervisory position. Before the termination of his employment, but after his voluntary demotion, plaintiff filed a claim for workers' compensation based on depression and anxiety allegedly arising out of his employment. After defendant's workers' compensation administrator denied the claim, plaintiff sought a hearing before the Hearings Division of the Workers' Compensation Board. However, plaintiff ultimately withdrew his request. In July 2003, pursuant to the Oregon Tort Claims Act, plaintiff served notice on defendant that he intended to bring an action for a number of claims, including the claims at issue in this appeal. On August 20, 2003, defendant terminated plaintiff's employment. This action followed.

In his amended complaint, plaintiff alleges pursuant to ORS 659A.203 that he was repeatedly subjected to physical abuse by a coworker and was subjected to a sexually hostile work environment by a supervisor. Plaintiff further alleges that, after he disclosed that conduct to defendant, defendant imposed disciplinary sanctions on him. Plaintiff also alleges a claim for intentional infliction of emotional distress. Plaintiff asserts that defendant falsely accused him of

threatening and harassing other coworkers "with a desire to cause plaintiff to suffer extreme emotional distress, or with knowledge of a substantial certainty that such distress would result therefrom." Defendant filed an answer, and trial was set for January 31, 2006. On January 10, 2006, the court granted defendant leave to file a motion for summary judgment.[1] Accordingly, defendant submitted its motion for partial summary judgment on plaintiff's ORS 659A.203 and IIED claims, and plaintiff filed his written opposition thereto. The court held a hearing on the motion on January 31, 2006. It orally granted the motion and a written order granting the motion was entered on February 1, 2006, the same day the trial on other counts not involved in this appeal began.

In his first assignment of error, plaintiff contends that the trial court abused its discretion in modifying the time for filing summary judgment motions pursuant to ORCP 47 C and allowing the motion to be served and submitted too close to the time that the trial was scheduled to begin.[2] Further, according to plaintiff, he did not consent to the modification, defendant did not request it, and "no good cause for it was ever identified."

■    ORCP 47 C provides, in part, that a motion for summary judgment

"and all supporting documents shall be served and filed at least 60 days before the date set for trial. The adverse party shall have 20 days in which to serve and file opposing affidavits or declarations and supporting documents. The moving party shall have five days to reply. The court shall have discretion to modify these stated times."

Accordingly, we review a trial court's modification of the ORCP 47 C timelines for abuse of discretion. *See Finney v. Bransom*, 326 Or 472, 479, 953 P2d 377 (1998) (recognizing

---

[1] Specifically, defendant had requested that the trial be postponed as it wished to file a motion for summary judgment in this case. At a hearing held on January 10, 2006, the court declined to postpone the trial but advised the parties that any motions they filed would be considered prior to the trial date.

[2] Plaintiff points out that the record does not contain an order modifying the ORCP 47 C timelines and states that the court failed to address his objection to the late filing. However, it is clear from the record that the court intentionally allowed for the filing of summary judgment motions less than 60 days before trial and did not simply ignore the issue.

abuse of discretion as standard for reviewing trial court modification of ORCP 47 C deadlines); *Harris v. Nordquist*, 96 Or App 19, 26, 771 P2d 637 (1989) (same).

■ Although plaintiff contends that the trial court abused its discretion by modifying the time limit for filing summary judgment motions and takes the position that the trial court did not have sufficient justification for the exercise of its discretion, he has failed to designate, for purposes of appeal, the transcript of the hearing at which the modification was ordered. Because the trial court did not enter a written order on the modification making factual findings or outlining its reasoning, we are, without the transcript, unable to review the trial court's exercise of its discretion to permit a later filing of the motion under ORCP 47 C. Under the circumstances, plaintiff has failed to designate the portions of the record necessary to establish error. *See Glover v. Bank of New York*, 208 Or App 545, 561, 147 P3d 336 (2006), *rev den*, 342 Or 416 (2007) (without transcript of the hearing at which trial court exercised discretion, a court is unable to review whether trial court abused its discretion); *Farmers Ins. v. Hansen*, 46 Or App 377, 380, 611 P2d 696 (1980) (same). Plaintiff's other arguments under his first assignment are not adequately preserved for purposes of appeal as required by ORAP 5.45. Accordingly, we reject plaintiff's claim of error under his first assignment.

Plaintiff next argues that the trial court erred in granting summary judgment in favor of defendant pursuant to ORCP 47[3] based on the conclusion that his claim under ORS 659A.203 was not legally cognizable. ORS 659A.203(1) provides, in part, that it is an unlawful employment practice for a public employer to:

---

[3] Summary judgment is proper when "there is no genuine issue as to any material fact and * * * the moving party is entitled to judgment as a matter of law." ORCP 47 C.

"There is no genuine issue as to any material fact if, 'based upon the record before the court viewed in a manner most favorable to the adverse party, no objectively reasonable juror could return a verdict for the adverse party on the matter that is the subject of the motion for summary judgment.' "

*Schaff v. Ray's Land & Sea Food Co.*, 334 Or 94, 99, 45 P3d 936 (2002) (quoting ORCP 47 C).

"(b)   Prohibit any employee from disclosing, or take or threaten to take disciplinary action against an employee for the disclosure of any information that the employee reasonably believes is evidence of:

"(A)   A violation of any federal or state law, rule or regulation by the state, agency or political subdivision;

"(B)   Mismanagement, gross waste of funds or abuse of authority or substantial and specific danger to public health and safety resulting from action of the state, agency or political subdivision[.]

"* * * * *

"(d)   Discourage, restrain, dissuade, coerce, prevent or otherwise interfere with disclosure or discussions described in this section."[4]

Defendant moved for summary judgment on the ground that plaintiff's allegations failed to satisfy the legal standards for a claim under ORS 659A.203 as established by this court in *Bjurstrom v. Oregon Lottery*, 202 Or App 162, 120 P3d 1235 (2005). The trial court agreed with defendant and entered an order granting defendant's motion followed by judgment in defendant's favor. The order states

"as a matter of law the allegations related to the behavior and conduct described in paragraph 7 of the Amended Complaint related to personnel issues that were not of a magnitude to rise to the level of mismanagement and abuse of authority contemplated by ORS 659A.203(1)(b)(B)."

In *Bjurstrom*, this court considered the text and context of the statute along with the relevant legislative history and construed the term "mismanagement" as used in the statute to be limited in scope:

"[P]rotected disclosures of 'mismanagement' are limited to disclosures of information similar in magnitude to the other listed categories [in ORS 659A.203(1)(b)(A) and (B)]. Such disclosures, then, do not include routine complaints about policies that employees must implement or practices that employees do not like. Rather, we conclude that the legislature intended 'mismanagement' to refer to serious agency

---

[4] Claims under ORS 659A.203 are commonly characterized as "whistleblower" claims.

misconduct having the effect of actually or potentially undermining the agency's ability to fulfill its public mission."

*Id.* at 173. Accordingly, a claim for mismanagement under ORS 659A.203 must involve more than mere routine complaints regarding a public employer's policies. Instead, such a claim must relate to serious misconduct that is of public concern and that does or could undermine the employer's ability to perform its mission.

Paragraph 7 of the amended complaint alleges:

"Over a period of more than one year, plaintiff was regularly and repeatedly subjected to physical abuse by a male co-worker, [PT], in the workplace. The conduct was unwelcome and offensive, and plaintiff demanded that his supervisor * * * Falgout take whatever action was necessary to stop the abuse and harassment. Although he admitted that he was personally aware of the abuse described, Falgout took no action whatever in response to plaintiff's requests, except to admonish plaintiff that it was his own sole responsibility to 'work it out with [PT]' without involving Falgout or other employees. For a period of years, a management-level employee of the Juvenile Department, * * * Hutchens, maintained what plaintiff believed to be a hostile work environment, by telling offensive sexually-oriented jokes and bragging about his sexual exploits, during employee meetings. Plaintiff disclosed and complained to Douglas County Human Resources Director * * * Guerra about the conduct of Falgout, Hutchens, and [PT]. He has disclosed the conduct of the said individuals to other persons with whom he had ongoing contact in his work, including the Douglas County District Attorney's office and the Douglas County Circuit Court. * * *"

Further, plaintiff alleged that, "[f]rom on or about July 2, 2003 through August 20, 2003, defendant invoked and imposed disciplinary actions against plaintiff for employee activity as" described above.

■     The issue is whether a trier of fact could reasonably infer from the above allegations that the alleged misconduct reported was so material to or potentially undermining of defendant's ability to fulfill its public mission that the conduct would be of public concern, as distinguished from

routine complaints about management practices that an employee might dislike. Plaintiff alleges that he was physically assaulted by a coworker on numerous occasions over an extended period of time, that he reported the assaults to his supervisor, that the supervisor failed to take action to correct the situation, and that he eventually reported the supervisor's response to defendant's human resources department. In addition, plaintiff alleges that another supervisor created a sexually hostile work environment through his conduct at employee meetings and that plaintiff had reported that conduct. Those allegations do not merely concern workplace policies or practices with which plaintiff disagreed.[5] Rather, they involve the kind of conduct that a jury could reasonably find would be of public concern and would have the potential to undermine defendant's ability to fulfill its public mission. *See also* ORS 659A.030 (making workplace discrimination based on sex an unlawful employment practice); ORS 163.160 to 163.185 (defining various degrees of criminal assault). Accordingly, the trial court erred in granting summary judgment to defendant on the ORS 659A.203 claim.

■ ■    A detailed discussion of plaintiff's claim of error regarding the grant of summary judgment on plaintiff's IIED claim would not benefit the public, bench, or bar. Suffice it to say that a party on appeal must identify with specificity the particular ruling about which he complains and demonstrate that the trial court had an adequate opportunity to rule on the issue and to correct the mistake that the appellant claims was made. ORAP 5.45(1); *see also Davis v. O'Brien*, 320 Or 729, 737, 891 P2d 1307 (1995) (preservation rule ensures that parties clearly present arguments to trial courts). Moreover, whether or not an issue is preserved in the trial court, a question or issue that is "raised for the first time in a reply brief generally will not be considered on appeal." *Ploplys v. Bryson*, 188 Or App 49, 57, 69 P3d 1257 (2003) (citing ORAP 5.45(1)). Our review of the record in this case and the briefs

---

[5] The facts alleged by plaintiff sharply contrast with those alleged in *Bjurstrom*. In that case, the plaintiff alleged that he had reported incompetence by the employer in processing employment applications, a prohibition on employees wearing agency owned shoes outside of working hours, excessive breaks by managers, and disparaging remarks by a supervisor about a coworker's height. 202 Or App at 173-74. The court in that case examined the plaintiff's allegations and concluded that the conduct did not rise to the level of mismanagement.

filed by plaintiff does not assure us that either of those requisites was adequately satisfied to comply with the policies underlying each requirement. We therefore reject plaintiff's assignment of error relating to his IIED claim.

In light of our conclusion that the trial court erred in dismissing plaintiff's ORS 659A.203 claim on summary judgment, we vacate the attorney fee award, which was based, in part, on the prevailing party provisions of ORS 659A.885(1).

Judgment reversed and remanded as to plaintiff's second claim for relief; supplemental judgment vacated; otherwise affirmed.