Argued and submitted July 11, reversed and remanded November 23, 2011

# Daniel BAGGARLEY,
## *Plaintiff-Appellant,*

*v.*

# UNION PACIFIC RAILROAD COMPANY,
## *Defendant-Respondent.*

Multnomah County Circuit Court
081116650; A145381

268 P3d 650

Maureen Leonard argued the cause for appellant. With her on the briefs was John Coletti.

Thomas M. Christ argued the cause for respondent. With him on the brief was Cosgrave Vergeer Kester LLP.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Sercombe, Judge.

WOLLHEIM, J.

## WOLLHEIM, J.

Plaintiff appeals a judgment dismissing his Federal Employee Liability Act (FELA) claims, against defendant Union Pacific Railroad Company for strict liability and negligence, based on hip injuries allegedly sustained on the job. The trial court granted defendant's motion for summary judgment after determining that, because plaintiff became aware of his work-related injuries more than three years before he filed the claims, they were barred by the three-year statute of limitation period. 45 USC § 56. The trial court also denied plaintiff's motion to amend his complaint to allege that his hip injuries had worsened within the three years preceding the filing of the complaint. We conclude, without further discussion, that the trial court did not abuse its discretion in denying plaintiff's motion to amend the complaint. *See Ballard v. City of Albany*, 221 Or App 630, 638, 191 P3d 679 (2008) (applying abuse of discretion standard of review). However, we also conclude that the trial court erred in granting defendant's motion for summary judgment based on the statute of limitations, and we therefore reverse and remand.

Plaintiff's complaint alleged that plaintiff began working for defendant in May 1967. Over the years, he held several different positions, including brakeman, trainman, and conductor. The complaint alleged that, during his employment with defendant, plaintiff was exposed to hazardous working conditions and that, as a result, plaintiff experienced "repetitive trauma from working on unsafe walkways causing injury to the muscles, tendons, nerves and bones of the legs, shoulders and hips; arthritis; right shoulder bursitis; strains and sprains[.]" Plaintiff alleged that he became aware of the injuries caused by those hazardous conditions in approximately August 2007.

The record on summary judgment shows that plaintiff's job involved walking on rough and uneven surfaces. In the 1990s, plaintiff began to notice occasional "normal stiffness" after working a long day. Plaintiff could not recall specifically if he had any hip symptoms before the year 2000. By 2004, however, plaintiff had begun to notice some regular stiffness in many areas, including his hips. Beginning in December 2004, plaintiff also noticed aching in his hips.

In July 2005, plaintiff was promoted from brakeman to conductor, a position that required a substantial increase in walking over particularly difficult surfaces. Plaintiff testified by deposition that, at the end of every work day, he would notice stiffness and soreness in his hips. He testified that, at the end of the work week, he would be very tired, but that his symptoms would improve over the weekend, and he could "look forward to the beginning of the next week with less stiffness."

Beginning in February or March 2007, approximately six months before plaintiff's retirement in August at age 61, he began to experience chronic significant hip pain that would not resolve with rest over the weekend and that interfered with his ability to work. Plaintiff first sought medical attention in August 2007, complaining that for the previous six months he had experienced left hip pain. In October 2007, Dr. Keeve recorded that plaintiff had reported that he had had problems with his left hip "primarily in the last 6 months." On November 17, 2008, plaintiff filed his complaint alleging claims under FELA.

Under FELA, "[n]o action shall be maintained * * * unless commenced within three years from the day the cause of action accrued." 45 USC § 56. In support of its motion for summary judgment, defendant argued that plaintiff's claims were untimely, because plaintiff's claims accrued in 2004, more than three years before the action was commenced, when plaintiff began to experience pain and stiffness in his hips that he associated with work.

Federal law controls the determination of when a claim accrues under FELA. *McCoy v. Union Pacific Railroad Company*, 102 Or App 620, 623, 796 P2d 646 (1990). Under federal law, the three-year limitation period begins to run when the plaintiff knows or has reason to know that he has been injured and that his work is the cause. *See Urie v. Thompson*, 337 US 163, 170, 79 S Ct 1018, 93 L Ed 1282 (1949) (statute begins to run when worker knew or reasonably should have known of both the existence of the injury and its work-related cause). In the context of cumulative trauma claims, the claim accrues when the accumulated

effects of the harmful working condition "manifest themselves." *McCoy*, 102 Or App at 623. It is the worker's burden to prove that the claim was commenced within the three-year period. *Emmons v. Southern Pacific Transportation Co.*, 701 F2d 1112, 1117-18 (5th Cir 1983).

After a hearing, the trial court agreed with defendant that plaintiff's claims had accrued outside the three-year limitation period and granted defendant's motion for summary judgment. Plaintiff then filed a motion to amend the complaint, accompanied by a proposed amendment that alleged that "[t]he accumulated effects of [plaintiff's] hip symptoms worsened, became aggravated and became permanent in January 2007." The trial court denied the motion to amend, explaining that two months before the scheduled trial date is not the time to allege a new legal theory:

> "[W]e have a situation where this complaint was filed in November of 2008, and now two months before trial you're coming in and saying, okay, the court ruled that the hip injury claim was time barred by the statute of limitations, so now we are going to say, well, for any injury that is January 2007 forward, now our theory is that that's an aggravation claim. And so for the defense to defend against that, that's a new theory, and I think there would have to be some discovery about that aggravation and expert testimony and all that sort of thing. How's that going to happen with a May 14 trial date.
>
> "* * * * *
>
> "It's clear that plaintiff could have alleged [a worsening as] a separate theory. Aggravation in a FELA case is a separate legal theory from the theory that was originally asserted in the complaint, and this complaint was filed in November of 2008. We're two months before trial. And so there's clearly prejudice to the defense if we would allow this amendment just before trial. And so the Court's going to deny the motion to amend."

After the trial court ruled on plaintiff's motion to amend, plaintiff voluntarily dismissed his shoulder-related claims and the trial court signed a general judgment of dismissal.

In his first assignment of error, plaintiff contends that the trial court erred in ruling that plaintiff's claims for

injury to his hip were untimely as a matter of law. Summary judgment is appropriate if there are no material issues of fact and the moving party is entitled to judgment as a matter of law. ORCP 47 C. Plaintiff concedes that the record on summary judgment shows that he was aware as early as 2004 that his work was causing stiffness and pain in his hips, but he contends that a worker's knowledge of symptoms connected to physically demanding work does not necessarily equate with knowledge of an injury. In plaintiff's view, the record shows that, until 2007, those symptoms resolved with rest and therefore did not constitute an "injury" for the purpose of the accrual of a FELA claim. Plaintiff asserts that there is evidence from which a jury could find that it was not until February or March 2007 that plaintiff could reasonably have known that he had a work-related hip condition. Plaintiff contends that, on this record, it is a question of fact whether, more than three years before the filing of the claim, plaintiff's hip condition had advanced beyond transitory symptoms to the point where he had reason to know that he had been "injured" and was not simply experiencing the normal stiffness and soreness associated with working at a physically demanding job.

Defendant contends that the statute of limitations begins to run under FELA when the worker has pain and attributes that pain to work. In this case, defendant asserts, it is undisputed that plaintiff first began to experience hip pain in 2004. At that point, defendant argues, and the trial court agreed, plaintiff had knowledge of the "injury" and its work-related cause.

In *McCoy*, we explained that

"a claim accrues under FELA when the plaintiff possesses sufficient critical facts from which the injury and its cause, including its work-relatedness, *should be plainly known. DuBose v. Kansas City Southern Ry. Co.*, 729 F2d 1026 (5th Cir), *cert den*, 469 US 854 (1984); *Jones v. Maine Cent. R. Co.*, 690 F Supp 73 (D Me 1988). Certain factors, such as whether the plaintiff had experienced disability, whether his condition had been medically diagnosed and whether off-the-job exposures could have contributed to the condition, are relevant to the question of whether the plaintiff had knowledge of the condition and its cause, *DuBose v.*

*Kansas City Southern Ry. Co.*, *supra*, 729 F2d at 1031, but none of those factors alone is determinative."

102 Or App at 623-24 (emphasis added). We explained that,

"[o]rdinarily, the question of whether and when an employee knew or should have known that he had an occupational disease is one of fact for the jury. However, when the evidence is such that a reasonable factfinder could only answer the question one way, it is for the court to decide."

*Id.* at 624. Thus, the first question that we must address on appeal is whether the record on summary judgment permits only one conclusion: that plaintiff reasonably should have known, more than three years before he filed his FELA claims, that his hip symptoms were a manifestation of the accumulated effects of traumatic exposure at work, *Urie*, 337 US at 170, so as to constitute an "injury" for purposes of FELA.

It is beyond dispute that plaintiff was aware in 2004 that he was experiencing aching and stiffness as a result of his work; however, we agree with plaintiff that the evidence in the record on summary judgment creates a question of fact as to when plaintiff first became aware that his symptoms were a manifestation of the accumulated effects of traumatic exposure to work so as to constitute an "injury" and not just the ordinary symptoms of physically demanding work. In *McCoy*, we described some of the factors that should be considered in determining whether the worker "possesses sufficient critical facts from which the injury and its cause * * * should be plainly known." 102 Or App at 623. Those include whether the worker has experienced disability; whether the condition has been diagnosed; and whether the worker has had off-the-job exposures. *Id.* Here, plaintiff never experienced disability or saw a doctor for hip pain, and no condition was diagnosed before 2007.[1] Although plaintiff described having symptoms as early as 2004, those symptoms were

---

[1] Defendant points out, correctly, that neither a diagnosis nor disability is required for the accrual of a FELA claim. *McCoy*, 102 Or App at 626. However, as the court also noted, the existence of a diagnosis or disability are among the factors that should be considered in determining whether the worker *knows or reasonably should know* that he has suffered a work injury. *Id.* at 624.

transitory and did not interfere with plaintiff's work. Plaintiff testified that he thought they were "normal," meaning that they were "the normal stiffness from working a 12-hour shift." By 2005, when plaintiff received his promotion to conductor and engaged in more demanding physical activity, plaintiff noticed some stiffness and aching at the end of every day; however, the symptoms would clear up overnight. Plaintiff did not visit a doctor specifically for hip pain until August 2007, when his symptoms had intensified to the point that they would no longer resolve with rest and had begun to interfere with his ability to do his work. From that evidence, we conclude that it would be possible for a jury to find that, until 2007, plaintiff reasonably thought that his symptoms were just the normal consequence of working long and physically demanding days and that plaintiff reasonably did not equate his hip symptoms with any work-related injury or condition. We conclude, therefore, that the record on summary judgment creates a question of fact as to when plaintiff first became aware that he had an injury connected with work. Accordingly, we reverse the trial court's judgment dismissing the complaint after its ruling granting defendant's motion for summary judgment.

Reversed and remanded.