Argued and submitted November 29, 2012, affirmed July 16, 2014

Richard K. HELLER,
*Plaintiff-Appellant,*

*v.*

BNSF RAILWAY COMPANY,
a corporation,
*Defendant-Respondent.*

Multnomah County Circuit Court
100201861; A148820

331 P3d 1079

Rick Pope argued the cause for appellant. With him on the briefs were Stephen C. Thompson and Kirklin Thompson & Pope LLP.

Thomas M. Christ argued the cause for respondent. With him on the brief was Cosgrave Vergeer Kester LLP.

Before Armstrong, Presiding Judge, and Duncan, Judge, and Brewer, Judge pro tempore.

ARMSTRONG, P. J.

## ARMSTRONG, P. J.

This appeal arises from a judgment dismissing plaintiff's claims for negligence and strict liability under the Federal Employer's Liability Act (FELA), the federal Locomotive Inspection Act (LIA), and the Federal Railroad Safety Act of 1970 (FRSA). Plaintiff brought those claims against defendant BNSF Railway Company for hearing loss and bilateral tinnitus caused by his exposure to work-related noise. The trial court granted defendant's motion for summary judgment based on its conclusion that plaintiff's claims were barred by the three-year limitation period in FELA, 45 USC section 56. Plaintiff argues on appeal that he raised a genuine issue of material fact to defeat summary judgment on whether he knew that his injuries had been aggravated by new work-related noise exposure and that the trial court abused its discretion in striking his late-filed ORCP 47 E affidavit. We conclude that the trial court did not err in either respect and affirm.

The LIA and FRSA do not provide an independent right of action, and, thus, all of plaintiff's claims were actionable only under FELA. *Matson v. Burlington Northern Santa Fe R.R.*, 240 F3d 1233, 1235 (10th Cir 2001); *Abate v. Southern Pacific Transp. Co.*, 928 F2d 167, 169-70 (5th Cir 1991). To maintain a cause of action under FELA, plaintiff was required to bring his claims within three years of the date on which they accrued. 45 USC § 56 ("No action shall be maintained under this act unless commenced within three years from the day the cause of action accrued."). Plaintiff has the burden to prove that he brought his claim within three years of the accrual of his claim. *Baggarley v. Union Pacific Railroad Company*, 246 Or App 624, 628, 268 P3d 650 (2011) (citing *Emmons v. Southern Pacific Transp. Co.*, 701 F2d 1112, 1117-18 (5th Cir 1983)).

Federal law controls when plaintiff's claims accrued. *McCoy v. Union Pacific Railroad Co.*, 102 Or App 620, 623, 796 P2d 646 (1990). When, as here, the injury is alleged to be the result of cumulative work-related trauma, the federal discovery rule applies. Under that rule, "the three-year limitation period begins to run when the plaintiff knows or has reason to know that he has been injured and that his

work is the cause." *Baggarley*, 246 Or App at 627 (citing *Urie v. Thompson*, 337 US 163, 170, 69 S Ct 1018, 93 L Ed 1282 (1949)). However, it does not matter if the plaintiff knows whether the employer is legally blameworthy for the injury. *McCoy*, 102 Or App at 623 (citing *United States v. Kubrick*, 444 US 111, 100 S Ct 352, 62 L Ed 2d 259 (1979)). Instead "a claim accrues under FELA when the plaintiff possesses sufficient critical facts from which the injury and its cause, including its work-relatedness, should be plainly known." *Id.* at 623-24 (citing *DuBose v. Kansas City Southern Ry. Co.*, 729 F2d 1026 (5th Cir), *cert den*, 469 US 854 (1984); and *Jones v. Maine Cent. R. Co.*, 690 F Supp 73 (D Me 1988)).

With those principles in mind, we turn to the summary-judgment record in this case. Because this case is on appeal from a grant of summary judgment for defendant, we review the record in the light most favorable to plaintiff, the nonmoving party, and draw all reasonable factual inferences in his favor. *Jones v. General Motors Corp.*, 325 Or 404, 408, 939 P2d 609 (1997).

Plaintiff worked for defendant as a switchman and a conductor for about 41 years—from 1967 to 2008. During that time, plaintiff was subjected to loud noises on the job. By 1988, plaintiff was experiencing tinnitus and hearing loss; and, in 1990, he brought a claim against defendant for those injuries.[1] That claim resulted in a settlement in 1992 that included a release from plaintiff for all future consequences from his pre-1992 permanent hearing injuries. After 1992, plaintiff's tinnitus and hearing loss continued to "get worse." In 2010, plaintiff brought this action against defendant for the aggravation of his hearing injuries stemming from post-1992 noise exposure.

In his amended complaint, plaintiff alleged,

"Due to the nature and manner of the work demanded of him by Defendant, Plaintiff was subjected and exposed to frequent, repetitive, loud noise emanating from Defendant's operations. Plaintiff settled a claim for hearing loss against Defendant's predecessor on April 6, 1992. Plaintiff agreed

---

[1] The 1990 claim was brought against defendant's predecessor. However, for ease of reference, we refer to both defendant and its predecessor as defendant throughout this opinion.

in this settlement to release Defendant for all future consequences of his claimed hearing loss. Plaintiff did not agree to release Defendant from future negligent acts not yet committed. Defendant agreed to provide Plaintiff with hearing protection that turned out to be ineffectual. Plaintiff's hearing worsened since then. Most or all of that worsening has been caused by additional damaging exposure to noise while Plaintiff was at work for Defendant at times after April 6, 1992 and before December 1, 2008. Individually and cumulatively, these exposure phenomena occurring after April 6, 1992, have caused the injuries hereinafter alleged."

The record on summary judgment included excerpts from plaintiff's deposition, the 1992 release agreement, plaintiff's admission that he had released defendant under the 1992 settlement for hearing injuries that occurred before 1992, and a 2007 hearing notification report that showed that plaintiff had hearing loss for high-pitched and speech-range sounds, and no change from his 1988 baseline test for certain ranges "with age adjustment." In the excerpt from plaintiff's deposition, plaintiff testified that he had experienced hearing loss and tinnitus since at least 1988, and that both conditions had worsened since the late 1990s. When asked about wearing hearing protection, plaintiff testified that he did not always wear ear plugs but that he would cover his ears with his hands if he knew a whistle was going to be sounded because "[t]hat hurts like hell if you don't." He testified that "I have heard that, and it does hurt."

Plaintiff also testified regarding the cause of his hearing problems:

"Q.   Okay. And it's your belief that all of your hearing and—hearing problems are related to your—

"A.   Yes.

"Q.   —railroad work?

"A.   Uh-huh.

"Q.   Is that correct?

"A.   Yes, it is.

"Q.   And that's true for your ringing in your ears as well?

"A.   Yes.

"Q.   You don't believe it was caused by any other problem?

"A.   No, I do not."

Defendant moved for summary judgment, arguing that the three-year statute of limitation barred plaintiff's claims because, based on plaintiff's deposition, plaintiff has known, since at least the late 1990s, that his hearing loss and tinnitus had worsened and that the worsening was caused by his employment with defendant. Plaintiff argued in response in his legal memorandum that defendant had not presented evidence on summary judgment that plaintiff knew that the hearing loss and tinnitus were aggravated by new work exposure to noise (that is, exposure occurring after the 1992 settlement). Plaintiff offered as evidence only the 2007 hearing notification report, which he asserts told him that he had no additional hearing loss with age adjustment. Based on that report, plaintiff argued that, drawing inferences in his favor, "[p]laintiff relied on [d]efendant's conclusion that the cause of his hearing loss to date was normal age-related deterioration from his pre-existing condition—not new tortious exposure to harmful levels of workplace noise."

After defendant filed its reply memorandum, and on the day before the motion hearing, plaintiff filed an ORCP 47 E affidavit. That affidavit stated, "Plaintiff Heller has retained an expert who is available and willing to testify to admissible facts or opinions that would create a question of fact on Plaintiff's claim for relief against Defendant BNSF." At the hearing, defendant moved to strike plaintiff's late-filed ORCP 47 E affidavit on the basis that it was late and prejudicial to defendant because it did not afford defendant an opportunity to respond. Defendant also asserted that the affidavit could not create an issue of fact because "the pertinent issue, of what plaintiff knew and when, isn't the subject of expert testimony."

The trial court struck plaintiff's ORCP 47 E affidavit for the reason that it was filed late and out of sequence under the rule. The court then granted defendant's summary-judgment motion. In its letter opinion, the court stated

that, under *McCoy*, plaintiff was injured for purposes of the statute of limitation "when the accumulated effects of the harmful work conditions manifested themselves." Based on plaintiff's deposition, the court concluded that "[p]laintiff was still being injured by noise at work, just as he had been—and *knew* he had been—for many years." (Emphasis in original.) The trial court thus concluded that plaintiff's claims were time barred, with the exception of any hearing loss that occurred, or became worse, due to work exposure during the three years before plaintiff filed his action.

Following the court's decision, the parties stipulated to a dismissal by plaintiff of any remaining claims that plaintiff had for work-related hearing loss or tinnitus that had occurred after February 5, 2007. The trial court entered a general judgment dismissing plaintiff's case, and this appeal followed.

We begin with plaintiff's assertion that the trial court abused its discretion in striking plaintiff's ORCP 47 E affidavit as untimely filed. *See* ORCP 47 C ("The adverse party shall have 20 days in which to serve and file opposing affidavits or declarations and supporting documents. * * * The court shall have discretion to modify these stated times."); *Hall v. Douglas County*, 226 Or App 276, 279-80, 203 P3d 360 (2009) (reviewing for abuse of discretion trial court's decision to modify the time to file motions for summary judgment under ORCP 47 C). "The trial court abuses its discretion if it exercises it in a manner that is unjustified by, and clearly against, reason and evidence." *Ballard v. City of Albany*, 221 Or App 630, 638, 191 P3d 679 (2008).

Plaintiff argues that the trial court abused its discretion in striking the late-filed affidavit because, in response to defendant's motion, plaintiff mistakenly had focused on the 1992 release as the basis for defendant's motion, and the affidavit was filed in response to defendant's reply that had pointed out plaintiff's mistake. Plaintiff also asserts that the trial court abused its discretion because defendant could not be prejudiced by the late filing of the ORCP 47 E affidavit. That is, plaintiff asserts, had the trial court considered the affidavit, the court would have been required to deny defendant's motion because, given the nature of the

affidavit, defendant could not have produced evidence to refute it, and, thus, it was an abuse of discretion for the court not to consider the affidavit.

First, plaintiff does not provide a reasonable explanation for the asserted confusion of plaintiff's counsel as to what was at issue in defendant's motion. Defendant's motion for summary judgment was unambiguously directed at whether plaintiff's claim had accrued three years before he filed his action, and not at whether plaintiff's claim was barred by the 1992 release. And, in response to defendant's motion, plaintiff timely made legal arguments directed at the accrual issue, demonstrating that plaintiff's counsel was aware that the accrual argument was at issue.

Second, we have previously rejected the argument that a trial court must indentify prejudice to the opposing party before refusing to consider a late-filed affidavit on summary judgment, and we adhere to that ruling here. *See Nolan v. Jackson National Life Ins. Co.*, 155 Or App 420, 428, 963 P2d 162 (1998), *rev den*, 328 Or 275 (1999) ("Nolan cites no authority for the proposition that a trial court is required to consider affidavits or documentation submitted in an untimely manner unless it makes specific findings about how the opposing party would be prejudiced, and we do not agree with the proposition."). The trial court did not abuse its discretion by striking plaintiff's untimely filing.

We next address the trial court's grant of summary judgment to defendant. On appeal, plaintiff argues that he raised a genuine issue of material fact about whether he knew—more than three years before he filed his claim—that his worsening injuries were caused by new (post-1992) noise exposure, instead of natural aging and degeneration of his pre-1992 injuries. To support that argument, plaintiff points to three items from the summary-judgment record. First, the 1992 release agreement, which included paragraphs that provided:

> "2.   I understand that the injuries and illnesses listed in paragraph 1 of this Release are or may be permanent. I further understand that these injuries or illnesses may progress, and that recovery therefrom is uncertain and

indefinite. It is my intention to release [defendant] from any and all future consequences of said injuries or illnesses.

"3.  I acknowledge that hearing protection has been provided to me. I agree to wear such hearing protection while on the job."

Second, the 2007 hearing report, which confirmed that plaintiff's hearing had worsened, attributed the loss in certain ranges to normal aging, but advised him there could be many causes and to consult with an audiologist or physician. Third, plaintiff's deposition, which did not clarify when plaintiff came to believe that his hearing injuries were caused by post-1992 work exposure, instead of the released pre-1992 work exposure. From that evidence, plaintiff argues that, with all reasonable inferences drawn in his favor, issues of fact exist whether he knew or had reason to know before 2007 that his deteriorating hearing conditions were caused by post-1992 work exposure due to inadequate hearing protection at work, instead of from natural aging and injury progression.

Plaintiff further argues that those inferences are supported by OEC 311(b), which sets out the evidentiary presumption that "[a] person takes ordinary care of the person's own concerns." Plaintiff argues that that presumption places the burden on defendant to show that plaintiff did not take ordinary care of his concerns that defendant could be responsible for his post-1992 hearing injuries, even with the 1992 release. *See* OEC 308 ("In civil actions and proceedings, a presumption imposes on the party against whom it is directed the burden of proving that the nonexistence of the presumed fact is more probable than its existence.").

Defendant responds that plaintiff failed to meet his burden on summary judgment because the test is not whether plaintiff knew that his injury was legally actionable but, rather, whether he knew that he had been injured as a result of his work. Defendant points out that plaintiff presented no evidence that he thought that the cause of his post-1992 hearing injuries was different than the cause of his pre-1992 injuries—*viz.*, exposure to work-related noise. Defendant also points out that nothing in the 2007 hearing

notification report could have affected what plaintiff knew about his injuries before 2007.

As set out above, plaintiff has the burden of demonstrating that he brought his claims within three years of their accrual. *Baggarley*, 246 Or App at 628. Thus, in opposing defendant's motion for summary judgment on that issue, plaintiff had the burden to meet defendant's motion with specific facts demonstrating a genuine issue of material fact for trial whether, before February 5, 2007, he knew that he had been injured or that his injury was work related. ORCP 47 C ("The adverse party has the burden of producing evidence on any issue raised in the motion as to which the adverse party would have the burden of persuasion at trial."); *O'Dee v. Tri-County Metropolitan Trans. Dist.*, 212 Or App 456, 460-61, 157 P3d 1272 (2007). "Ordinarily, the question of whether and when an employee knew or should have known that he had an occupational disease is one of fact for the jury. However, when the evidence is such that a reasonable factfinder could only answer the question one way, it is for the court to decide." *McCoy*, 102 Or App at 624.

It is undisputed that plaintiff knew, before 2007, that he was suffering from worsening tinnitus and hearing loss. He testified that, at least by the late 1990s, both conditions were noticeably worse and that they continued to get worse. It is also undisputed that plaintiff knew, before 2007, that the cause of his injuries was work related. He testified that he attributed his pre-1992 tinnitus and hearing loss to noise exposure at work (based on his prior claim) and also that, at the time of his deposition in 2010, he attributed all of his tinnitus and hearing loss to noise exposure at work, and no other cause. Plaintiff also testified that he continued to be exposed to loud noise at work after 1992, and that he was not always wearing hearing protection when he was exposed. Plaintiff's deposition testimony leads to only one reasonable conclusion—that, after his 1992 settlement, plaintiff knew that he was experiencing worsening hearing injuries caused by noise exposure at work.

Plaintiff argues, however, that he did not know that his injuries were caused by noise exposure that occurred *after* 1992 and that his deposition testimony does not clarify

that issue. Thus, the issue becomes whether the 2007 hearing notification report, on which plaintiff relies, creates a reasonable inference that plaintiff did not know before 2007 that his worsening hearing injuries were caused by post-1992 work exposure. Plaintiff argues for two inferences from the 2007 hearing notification report and the evidentiary presumption in OEC 311(b). First, that he believed the representation in the report that normal aging, along with his pre-1992 hearing injuries, were the likely cause of his worsening hearing conditions. Second, that only after his 2007 hearing test did he discover that defendant's hearing-protection program was ineffectual and that he had been exposed to damaging noise after 1992. However, we cannot make either inferential leap based on the summary-judgment record in this case. *See State v. Bivins*, 191 Or App 460, 467, 83 P3d 379 (2004) (discussing the difference between a reasonable inference and impermissible speculation).

We first note that defendant correctly points out that whatever the 2007 report confirmed (or did not confirm) for plaintiff is not direct evidence of what plaintiff actually believed before 2007. That is so because plaintiff offered no evidence as to what the 2007 report meant to him—*viz.*, did it confirm a prior belief that his worsening hearing conditions were due to age and the progression of his pre-1992 injuries? Or did it prompt him to seek a second opinion about the cause of his hearing injuries, thus, suggesting that he did not believe the report? The summary-judgment record is completely devoid of any evidentiary connection between what plaintiff believed about his conditions before 2007 and the 2007 report. Without more, we do not believe that a factfinder could make either of the inferential leaps that plaintiff seeks. To do so would require the factfinder to engage in impermissible speculation, particularly in light of plaintiff's deposition testimony in which he attributed all of his hearing injuries to his work with defendant.

The heart of plaintiff's argument is that defendant did not put on more conclusive evidence on summary judgment about plaintiff's knowledge, and, thus, plaintiff should prevail against defendant's motion. However, that is not the standard we must apply here. Plaintiff has the burden at trial to prove that he timely filed his claim. *Baggarley*, 246

Or App at 628. Here, defendant put on sufficient evidence on summary judgment to show that plaintiff did not file his claim within three years of its accrual based on plaintiff's deposition testimony, as discussed above. At that point, it became plaintiff's burden to produce evidence of specific facts sufficient to create a genuine issue of material fact on that issue. ORCP 47 C. Plaintiff did not do that.

*Baggarley*, on which plaintiff primarily relies, does not present circumstances similar to this case. In *Baggarley*, the plaintiff had experienced repetitive trauma to his hips and legs from walking on rough and uneven surfaces for his job. Although the plaintiff had symptoms of regular stiffness in his hips by 2004 that resolved with rest, he did not have chronic significant hip pain until March 2007 and first sought medical attention in August 2007. The plaintiff filed his complaint in November 2008. We concluded that the plaintiff had raised a genuine issue of material fact on whether his claim was timely under the federal discovery rule because "it would be possible for a jury to find that, until 2007, plaintiff reasonably thought that his symptoms were just the normal consequence of working long and physically demanding days and that plaintiff reasonably did not equate his hip symptoms with any work-related injury or condition." *Id.* at 631. In contrast, since at least the late 1990s, plaintiff knew that he was experiencing manifested injuries of tinnitus and hearing loss that were continuing to worsen and that both conditions were work related.

In addition, the distinction that plaintiff attempts to draw is not one for which we find support in the federal case law, and plaintiff points to none. Plaintiff's argument on whether he attributed his aggravated hearing injuries to pre-1992 work exposure or post-1992 work exposure is relevant to whether he thought new claims against defendant could be legally actionable (that is, whether the 1992 settlement would bar them). That type of knowledge is not required for a FELA claim to accrue. *See McCoy*, 102 Or App at 623 ("[The Court in *Kubrick*] concluded that it was unnecessary, for limitations purposes, that the plaintiff know that the defendant is legally blameworthy before an action accrues."). The proper inquiry to determine when plaintiff's claim accrued has a different focus—whether plaintiff knew

(1) he was injured and (2) his injury was caused by his work with defendant. *Baggarley*, 246 Or App at 627; *McCoy*, 102 Or App at 623-24. The evidence in the summary-judgment record points to only one conclusion with regard to those questions. Plaintiff knew before 2007 that the cause of his worsening hearing injuries was work related. Accordingly, we affirm the trial court's grant of summary judgment to defendant.

Affirmed.